IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Kurt B. Williams,            )<br>                                          )<br>            Petitioner,      )<br>                                          )<br>v.                                      )<br>                                          )<br>Dora Schriro, et al.,         )<br>                                          )<br>            Respondents. )<br>_____) | No. CV 06-0362-PHX-ROS<br><br>**ORDER** |

On January 27, 2006, Plaintiff filed a pro se Petition for Writ of Habeas Corpus (Doc. #1). On May 21, 2007, Magistrate Judge Edward C. Voss issued a Report and Recommendation ("R&R") recommending that the petition be denied (Doc. #35). Petitioner filed his Objections on June 4, 2007.

The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). It is "clear that the district judge must review the magistrate judge's findings and recommendations *de novo if objection is made*, but not otherwise." United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003) (*en banc*) (emphasis in original); Schmidt v. Johnstone, 263 F. Supp. 2d 1219, 1126 (D. Ariz. 2003) ("Following Reyna-Tapia, this Court concludes that *de novo* review of factual and legal issues is required if objections are made, 'but not otherwise.'").

1  In his objections, the Petitioner argues that the Magistrate Judge misconstrued his
2 claims by stating that petitioner alleged two grounds for relief in his petition: (1) that he
3 received ineffective assistance of counsel in violation of the Sixth Amendment when he was
4 forced to choose between a proper investigation of his case and an expiring plea offer; and
5 (2) that his attorney provided ineffective assistance of counsel by telling the trial could at the
6 plea hearing that she could not properly advise Petitioner whether to accept the plea
7 agreement because the case had not been sufficiently investigation, thus causing the
8 prosecution to withdraw the plea offer.  Petitioner argues that he has stated only one ground
9 for relief - that his counsel stated on the record that she was unprepared, which constituted
10 ineffective assistance of counsel.

11  In reviewing the R&R, the Court concludes that the Magistrate Judge conducted a
12 proper review of Petitioner's ineffective assistance of counsel claim.  The Court agrees with
13 the Magistrate Judge's analysis of Petitioner's claim under <u>Strickland v. Washington</u>, 466
14 U.S. 688 (1984) and concludes that Petitioner did not show that his counsel's representation
15 fell below an objective standard of reasonableness or that but for counsel's errors, the result
16 of the proceeding would have been different.

17  Accordingly,

18  **IT IS ORDERED THAT** Petitioner's Petition for Writ of Habeas Corpus (Doc. #1)
19 is **DENIED**.

20  **IT IS FURTHER ORDERED THAT** the R&R (Doc. #35) is **ADOPTED IN FULL**.
21  DATED this 24th day of July, 2007.

Roslyn O. Silver
United States District Judge