IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Kurt B. Williams, | ) | No. CV06-362-PHX-ROS |
| Petitioner, | ) | |
| vs. | ) | **ORDER** |
| Dora Schriro, et al., | ) | |
| Respondents. | ) | |

Pending before the Court is Petitioner's Motion to Amend Habeas Corpus Petition. (Doc. 52). For the reasons stated herein, this motion will be denied.

**PROCEDURAL HISTORY**

On January 27, 2006, Petitioner Kurt B. Williams filed a Petition for Writ of Habeas Corpus. (Doc. 1). On May 21, 2007, Magistrate Judge Edward C. Voss issued a Report and Recommendation, (Doc. 35), recommending that this petition be denied and dismissed with prejudice. On June 4, 2007, the same day that Petitioner filed his Objections to Magistrate's Report and Recommendation, (Doc. 38), he also filed the Motion to Amend Habeas Corpus Petition and lodged a proposed First Amended Petition, (Docs. 37, 52).

On July 24, 2007, the Court adopted the Report and Recommendation and denied the habeas petition. (Doc. 40). Petitioner appealed to the Ninth Circuit Court of Appeals. (Doc. 45). On December 24, 2007, the Ninth Circuit stayed the appeal and remanded the case back to the Court for the purpose of ruling on Petitioner's motion to amend the petition. (Doc. 51).

1 The Court referred the matter back to Magistrate Judge Voss to address the motion to
2 amend, who issued a Report and Recommendation recommending denial of the motion.
3 (Doc. 55). Petitioner filed objections on March 7, 2008. (Doc. 56).

**STANDARD OF REVIEW**

5 The Court "may accept, reject, or modify, in whole or in part, the findings or
6 recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Because objections
7 were made, the Court reviews the Magistrate Judge's findings and recommendations *de novo*.
8 28 U.S.C. § 636(b)(1)(C); United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir.
9 2003).

**ANALYSIS**

11 Petitioner seeks to amend his petition to include a claim for vindictive prosecution. After
12 a responsive pleading is served, a party may only amend its petition for habeas corpus by
13 written consent of the adverse party or by leave of court. See Fed. R. Civ. P. 15(a). To
14 determine whether to permit an amendment, courts consider: "(1) bad faith; (2) undue delay;
15 (3) prejudice to the opposing party; (4) futility of amendment; and (5) whether the plaintiff
16 has previously amended his complaint." Nunes v. Ashcroft, 375 F.3d 805, 808 (9th Cir.
17 2004).

18 The Magistrate Judge denied Petitioner's motion to amend on the grounds of undue delay
19 and futility of amendment. The Court agrees that the amendment is futile, and, thus, will
20 adopt the Report & Recommendation in part.

21 Futility of amendment alone can justify the denial of a motion for leave to amend. Bonin
22 v. Calderon, 59 F.3d 815, 845 (9th Cir.1995). The test for futility is identical to the one used
23 when considering the sufficiency of a pleading challenged under Rule 12(b)(6). Miller v.
24 Rykoff-Sexton, Inc., 845 F.2d 209, 214 (9th Cir. 1988).

25 The Magistrate Judge correctly found that: "In the proposed amended petition, Petitioner
26 does not even argue that the Arizona Court of Appeals erred, let alone allege that the decision
27 was (1) contrary to, or an unreasonable application of, clearly established federal law as

determined by the United States Supreme Court; or (2) based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." Without these allegations, Petitioner cannot maintain an action for a writ of habeas corpus. See 28 U.S.C. § 2254(d). His motion to amend, therefore, is futile.

Accordingly,

**IT IS ORDERED** that the R&R (Doc. 55) is **ADOPTED IN PART** and **REJECTED IN PART.**

**IT IS ORDERED** that the Motion for Ruling (Doc. 53) is **GRANTED.**

**IT IS FURTHER ORDERED** that Petitioner's Motion to Amend (Doc. 52) is **DENIED**.

DATED this 28th day of March, 2008.

_____
Roslyn O. Silver
United States District Judge

- 3 -